| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:00-CR-5339-LJO-1 |
| Plaintiff-Respondent, | |
| v. | ORDER DENYING PETITIONER'S § 2255 MOTION |
| ROY ALLEN GREEN, | |
| Defendant-Petitioner. | ECF No. 18 |

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

Before the Court is Petitioner Roy Allen Green's ("Petitioner" or "Green") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, filed on June 23, 2016. ECF No. 18. On August 19, 2016, the Government filed its opposition. ECF No. 20. Petitioner filed a reply on December 22, 2016. ECF No. 27. Having considered the parties' briefing and the record in this case, the Court DENIES Petitioner's motion.

## I. BACKGROUND

On September 19, 2000, Green pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846 (Count 1), two counts of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Counts 2 and 4), and two counts of possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (Counts 3 and 5). ECF No. 18 at 8; ECF No. 20 at 4. At sentencing, Petitioner was found to qualify for sentencing

1

under the career offender provision of section 4B1.1 of the United States Sentencing Guidelines ("USSG" or "Guidelines"), based on his drug conviction and two prior convictions for crimes of violence.[1] Presentence Report ("PSR") ¶ 22. Specifically, the PSR concludes that Petitioner's 1980 conviction for assault with a deadly weapon and his 1986 robbery conviction are qualifying crimes of violence. *Id.* ¶¶ 22, 35, 38. With the enhancement, Petitioner's base offense level was set at 37 pursuant to USSG § 4B1.1. *Id.* Three points were subtracted for acceptance of responsibility, bringing Petitioner's total offense level to 34. *Id.* ¶¶ 23-24. Petitioner's criminal history category was set at VI, pursuant to USSG § 4B1.1. *Id.* ¶ 44. The applicable Guidelines range was determined to be 262 to 327 months for Counts 1, 2, and 4, with an additional 30 years to be served consecutively for Counts 3 and 5. *Id.* at 18-19. On January 22, 2001, the Court adopted Probation's recommendation and sentenced Green to 687 months in prison. ECF Nos. 14 & 15. Petitioner is also serving a 150-month federal sentence for a conviction in the Middle District of Pennsylvania.[2] ECF No. 18 at 10 n.1.

## II. LEGAL FRAMEWORK

### A. 28 U.S.C. § 2255

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United*

---

[1] "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1.

[2] On June 14, 2016, Green, represented by the Federal Public Defender's office in the Middle District of Pennsylvania, filed a motion pursuant to 28 U.S.C. § 2255 challenging the use of his prior convictions in determining his status as a career offender pursuant to *Johnson v. United States*. *United States v. Green*, No. 4:01-CR-0397-MM (M.D. Pa.). That petition is currently pending.

2

*States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

**B.** *Johnson*, *Welch*, **and** *Beckles*

Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson v. United States*, 135 S. Ct. 2551, 2556-57, 2563 (2015); *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. "Two features of the residual clause conspire to make it unconstitutionally vague." *Id.* at 2557. First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" by "t[ying] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* Second, "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the

3

residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.

The Supreme Court subsequently held that its decision in *Johnson II* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). "By striking down the residual clause for vagueness, [*Johnson II*] changed the substantive reach of the Armed Career Criminal Act, altering the 'range of conduct or the class of persons that the [Act] punishes." *Id.* at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). As a result, defendants sentenced pursuant to the ACCA residual clause can collaterally attack their sentences as unconstitutional under § 2255. *See, e.g.*, *United States v. Heflin*, 195 F. Supp. 3d 1134 (E.D. Cal. 2016).

However, most recently, the Supreme Court held that *Johnson* does not apply to challenges based upon the Guidelines, because the Guidelines "merely guide the district court's discretion" and because "[t]he advisory Guidelines … do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Beckles v. United States*, 137 S. Ct. 886, 874 (2017). Therefore, notwithstanding the fact that the Guidelines formerly contained a residual clause virtually identical to what *Johnson* held to be unconstitutionally vague, the Guidelines may not form the foundation of a vagueness challenge under § 2255. *See United States v. Bacon*, ___ Fed. Appx. ___, 2017 WL 2333975 (9th Cir. May 30, 2017).

### III. DISCUSSION

By this motion, Petitioner challenges his sentence on the grounds that the Guidelines calculation underlying his sentence incorporated the same definition of a "crime of violence" that the Supreme Court determined was unconstitutionally vague in the context of the ACCA in *Johnson*.[3] ECF No. 18 at 11. According to Petitioner, his underlying convictions for assault with a deadly weapon (California

---

[3] At the time Petitioner was sentenced, the Guidelines included a residual clause defining a "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2)

4

Penal Code ("CPC") § 245) and robbery (CPC § 211) are not categorically crimes of violence under the remaining definition of a crime of violence in USSG § 4B1.2, and therefore his sentence, which was based upon his classification as career offender under USSG § 4B1.1, must be vacated. *Id.* at 11-12, 14-16.

Petitioner's motion "is premised entirely upon the argument that the [*Johnson*] holding—that the ACCA's residual clause is unconstitutionally vague—applies equally to the Guidelines." *See United States v. Brown*, Case No. 1:12-CR-0357-AWI, 2017 WL 2021525, at *3 (E.D. Cal. May 12, 2017). However, in *Beckles*, the Supreme Court resolved this argument against Petitioner, holding that the Guidelines are not subject to vagueness challenges. *See* 137 S. Ct. at 874. Therefore, because the sole basis upon which Petitioner challenged his sentence under § 2255 has been foreclosed by the Supreme Court, the Court finds that Petitioner's sentence was properly imposed and **DENIES** Petitioner's § 2255 motion.[4]

### IV. CONCLUSION AND ORDERS

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Roy Allen Green's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (ECF No. 18) is **DENIED**. Furthermore, because Petitioner has failed to make a showing that he was denied a constitutional right, the Court **DECLINES** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is **DIRECTED** to **CLOSE THE CASE**.

IT IS SO ORDERED.

    Dated: **June 22, 2017**                    **/s/ Lawrence J. O'Neill**
                                                                   UNITED STATES CHIEF DISTRICT JUDGE

---

[4] Accordingly, the Court need not address the Government's remaining arguments regarding procedural default, and Petitioner's prior offenses qualifying under the remaining crime of violence definitions in the Guidelines.